UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

      v.

KENNETH STONE and DEBRA STONE,

        Defendants.

Case No.  CR04-251L

ORDER DENYING MOTIONS TO
SUPPRESS EVIDENCE

     This matter comes before the Court on the "Motion to Suppress Evidence, and Request for a <u>Franks</u> Hearing" (Dkt. # 100) filed by defendant Kenneth Stone and the "Motion to Suppress Evidence and for Evidentiary Hearing" (Dkt. # 102) filed by defendant Debra Stone.[1] For the reasons set forth below, the motions are denied.

## I.  BACKGROUND

     On March 15, 2004, detective Roy Alloway of the Westsound Narcotics Enforcement Team (WestNET) applied for and received warrants to search four properties in Kitsap County, Washington.  Det. Alloway provided the following information in support of the search warrant:

---

[1] Co-defendants Ronnie Irish and Crystal Irish also joined in the motion.  Ronnie and Crystal Irish, however, have both entered guilty pleas prior to the disposition of this motion.  <u>See</u> Dkt. #s 132 & 133.

1    (1) past tips implicating Kenneth Stone and his brother, Mike Stone, in marijuana growing

2    operations; (2) information from a cooperating informant, Jennifer Johnson, who provided

3    details regarding Kenneth Stone's marijuana growing operations and information regarding

4    Kenneth Stone's co-defendants; and (3) Det. Alloway's claim that when he approached one of

5    the properties, located at 2595 S.W. Pine Road, he could smell the odor of growing marijuana.

6        On March 18, 2004, WestNET detectives and other officers executed the warrants.  At

7    each of the properties searched, detectives located evidence of marijuana growing and

8    distribution.  At the Pine Road property detectives found: 256 live marijuana plants located

9    inside two white construction trailers; a large bag of dried marijuana plants with leaves removed;

10   seven pairs of scissors with marijuana residue on them; a five gallon bucket containing a plastic

11   bag that held about 49.5 grams of harvested marijuana; and extra pots, planting stakes, and other

12   material that appeared to be used in the marijuana grow operation.  Kenneth and Debra Stone,

13   along with a number of other individuals, were subsequently arrested.

14       On March 18, 2005, Kenneth Stone filed the motion to suppress and request for a <u>Franks</u>

15   hearing.  In that motion, Mr. Stone argues that the search warrant is invalid as it relates to the

16   Pine Road property because (1) the warrant failed to identify the two construction trailers at the

17   Pines Road property that contained the seized marijuana plants; (2) Det. Alloway's claim that he

18   could smell the odor of growing marijuana at the Pines Road property constituted a false and

19   materially misleading statement.  Kenneth Stone requested a hearing pursuant to <u>Franks v.</u>

20   <u>Delaware</u>, 438 U.S. 154 (1978).

21       Defendant Debra Stone also filed a motion to suppress evidence on March 18, 2005.  In

22   that motion, Ms. Stone argued that (1) the affidavits submitted in support of the request for the

23   search warrant of the Pine Road property failed to establish probable cause, (2) the warrants

24   were overbroad, and (3) Det. Alloway made a material misstatement in his affidavit.  Ms. Stone

25   also joined in the suppression motion filed by Mr. Stone.

26

27   ORDER DENYING MOTIONS TO
     SUPPRESS EVIDENCE                    2

28

1    This Court conducted an evidentiary hearing over the course of two days, beginning on

2  June 1, 2005 and resuming on July 1, 2005.  Patrick L. Walsh, Warren James Woodford, Ph.D.,

3  Robert Breidenthal, and Vera Fuchs testified on behalf of the defendants.  Detective Alloway,

4  Detective Dale Schuster, and Dr. Samir Ross testified on behalf of the government.

5                                              **II.  DISCUSSION**

6        **1.        Standard of Review.**

7        The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons,

8  houses, papers, and effects, against unreasonable searches and seizures" and requires that any

9  warrant authorizing a search "particularly describ[e] the place to be searched, and the persons or

10 things to be seized."  U.S. Const. amend. IV.  In addition, the affidavits filed in support of a

11 search warrant must provide sufficient probable cause to justify its issuance.

12       In determining whether probable cause exists, the reviewing officer must "make a

13 practical, common-sense decision whether, given all of the circumstances set forth in the

14 affidavit . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay

15 information, there is a fair probability that contraband or evidence of a crime will be found in a

16 particular place."  <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983) (<u>quoting</u> <u>Jones v. U.S.</u>, 362 U.S.

17 257, 271 (1960)); <u>accord</u>, <u>U.S. v. Ventresca</u>, 380 U.S. 102, 108 (1965) (affidavits in support of a

18 search warrant are "tested and interpreted by magistrates and courts in a commonsense and

19 realistic fashion").

20       In a subsequent review of the affidavit and finding of probable cause, this Court accord's

21 deference to the issuing judge's finding of probable cause, <u>see</u> <u>U.S. v. Terry</u>, 911 F.2d 272, 275

22 (9th Cir. 1990), and must uphold the judge's determination if there is a "substantial basis" for

23 concluding that a search would uncover evidence of wrongdoing, <u>Illinois v. Gates</u>, 462 U.S. at

24 236.

25

26

27 ORDER DENYING MOTIONS TO
   SUPPRESS EVIDENCE                          3

28

1

**2.     Probable Cause to Search the Trailers.**

2       Defendants have claimed that the officers did not have probable cause to search the two

3   trailers on the Pine Road property.  They note that although the Alloway affidavit mentioned

4   three different structures on the Pine Road property, it did not mention the two trailers.  The

5   search warrant signed by Kitsap County Superior Court Judge Mills, however, authorized the

6   search of the three different structures as well as "other outbuildings" located on the property.

7   Defendants argue that the warrant was overly broad because the Alloway affidavit did not

8   provide a sufficient basis for the expansion of the warrant beyond the search of the three

9   structures that were specifically mentioned.

10       The search warrant was not overly broad.  Judge Mills had a substantial basis for

11  determining that probable cause existed to search all of the buildings on the Pines Road

12  property, not just the three structures specifically mentioned in the Alloway affidavit.  As the

13  Ninth Circuit has made clear, a search warrant "is valid when it authorizes the search of a street

14  address with several dwellings if the defendants are in control of the whole premises, if the

15  dwellings are occupied in common, of if the entire property is suspect."  U.S. v. Alexander, 761

16  F.2d 1294, 1301 (9th Cir. 1985).  The Alloway affidavit specified the street address to be

17  searched, indicated that the property was rented, that the electrical bills were in the name of

18  Debra Stone (Debra Jackson's maiden name) and included Ms. Jackson's social security

19  number.  In addition, the affidavit provided probable cause to believe that the property contained

20  a large-scale marijuana growing operation and that the entire property was suspect.  As in

21  Alexander, the evidence to be seized in this case "was of a type that could be hidden easily in

22  any structure.  The most reasonable place to look for contraband on rural, undeveloped acreage

23  is in the structures on that acreage.  A warrant authorizing the search of any building . . . was

24  reasonable under the circumstances and not overly broad."  761 F.2d at 1301.

25       In addition, the two trailers containing the marijuana plants were within the curtilage of

26

27  ORDER DENYING MOTIONS TO
    SUPPRESS EVIDENCE                    4

28

the main residence.  "A search warrant for a residence may include all other buildings and other objects within the curtilage of that residence, even if not specifically referenced in the search warrant."  U.S. v. Cannon, 264 F.3d 875, 881 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).  To determine whether a building is within the curtilage of a residence, the Court considers four factors:

> (1) the area's proximity to the home, (2) whether the area is included within an enclosure surrounding the home, (3) whether the area is being used for the intimate activities of the home, and (4) the steps taken by the resident to protect the area from observation by passers-by.

Id. (citing U.S. v. Dunn, 480 U.S. 294, 301 (1987)).  The two trailers meet all of the Dunn factors.  The trailers were located in the fenced-in backyard of the main residence.  A covered area made of wood and tarps connected the trailers to the main residence.  Power lines ran from the main residence into the two trailers.  Three Rottweilers patrolled the backyard and initially prohibited the officers from entering the backyard.  Indeed, the trailers were not just curtilage of the residence, they were connected to and, for all practical purposes, a part of the residence.  Under the circumstances, there is no doubt that the search warrant, even without the "other buildings" language, authorized the search of the trailers.

### 3.    Defendants' Franks Challenge.

Defendants argue that Det. Alloway intentionally or recklessly made a material false or misleading statement in his affidavit when he asserted that he could smell the odor of growing marijuana when standing outside the Pines Road property.  In response to their allegation, this Court held a hearing in accordance with Franks v. Delaware.  A Franks hearing involves two steps.  First, defendants must show by a preponderance of the evidence that the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant.  If defendants meet their burden and the Court "finds by a preponderance of the evidence that the officer so acted, the district court then inquires into whether 'with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to

ORDER DENYING MOTIONS TO
SUPPRESS EVIDENCE                    5

1   establish probable cause.'"   U.S. v. Martinez-Garcia, 397 F.3d 1205, 1215 (9th Cir. 2005)

2   (quoting Franks, 438 U.S. at 156).

3          Based on the testimony and evidence at the Franks hearing, this Court finds that Det.

4   Alloway did not materially or recklessly make a false or misleading statement in his affidavit.

5   Defendants argued forcefully that the marijuana plants in the two trailers were in a vegetative

6   state and that it would have been physically impossible for Det. Alloway to have smelled the

7   distinctive odor of marijuana from these plants.  In addition, they asserted that the topography

8   and wind patterns in the Pine Road area made it unlikely that Det. Alloway could smell

9   marijuana from the edge of the property.

10         The government, however, provided the testimony of Dr. Samir Ross, who convincingly

11  testified that marijuana plants in a vegetative state do produce the smell associated with

12  marijuana, albeit in a less concentrated form.  The government also sufficiently called into

13  question defendants' arguments based on topography and wind patterns.  Defendants' expert

14  acknowledge that wind patterns are unpredictable and that the direction of the wind at the time

15  Det. Alloway smelled the marijuana simply could not be determined.

16         In addition, the government introduced evidence that showed that mature marijuana

17  plants had recently been harvested at the property.  For instance, detectives found a large bag of

18  dried marijuana plants with leaf material removed, scissors that had been stained with marijuana

19  residue, and a plastic bag containing 49.5 grams of harvested marijuana.  The government

20  convincingly argued that the smell of marijuana may have come from these items, as well.  This

21  contention was supported by Dr. Ross and also by the supplemental report of Det. Schuster, who

22  indicated that the main residence at Pine Road contained a strong smell of marijuana.

23         Most importantly, however, the government provided the testimony of Det. Alloway, who

24  described his investigation of defendants.  He detailed his extensive experience in drug

25  enforcement, and provided a description of his surveillance of the Pine Road property.  This

26

27  ORDER DENYING MOTIONS TO
    SUPPRESS EVIDENCE                           6

28

Court found Det. Alloway's testimony sincere and credible.  Accordingly, defendants have not met their burden of showing by a preponderance of the evidence that Det. Alloway intentionally or recklessly made a false or misleading statement in support of the warrant.

For purposes of the <u>Franks</u> hearing, the inquiry ends here.  Nevertheless, it is worth noting that even if defendants were able to show that a false or misleading statements had been made, they would not have been able to satisfy the second part of the <u>Franks</u> inquiry.  Det. Alloway had presented a thorough and detailed complaint for warrant.  The testimony regarding the odor of marijuana at the Pines Road property was only a small part of that complaint.  If the Court were to set the portion of his complaint regarding the smell of marijuana aside, the 27 page affidavit would still provide sufficient probable cause to justify Judge Mills's decision to issue the warrant.

## III.  CONCLUSION

For all the foregoing reasons, the "Motion to Suppress Evidence, and Request for a <u>Franks</u> Hearing" (Dkt. # 100) filed by defendant Kenneth Stone and the "Motion to Suppress Evidence and for Evidentiary Hearing" (Dkt. # 102) filed by defendant Debra Stone are DENIED.

DATED this 11th day of July, 2005.

_MhK S Lasnik_
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTIONS TO
SUPPRESS EVIDENCE                                      7